UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONIET MOLINA ARZOLA, | CASE NO. 2:26-cv-00717-DGE |
| Petitioner, | ORDER ON NEXT FRIEND STANDING, MOTION TO APPOINT COUNSEL, AND PROCEEDING WITH ATTORNEY |
| v. | |
| FACILITY ADMINISTRATOR et al., | |
| Respondent. | |

On March 3, 2026, Fidel Molina Gonzalez, a "close family member of Petitioner," filed this petition for writ of habeas corpus on Petitioner's behalf pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1 at 15.)  Gonzalez explains that because Petitioner is detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC"), he has "limited ability to freely prepare, file, and litigate this habeas action on his own"; therefore, Gonzalez states "next-friend filing is necessary to secure prompt judicial review of the legality of Petitioner's detention."  (*Id.*)

ORDER ON NEXT FRIEND STANDING, MOTION TO APPOINT COUNSEL, AND PROCEEDING WITH ATTORNEY - 1

A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a "next friend." *United States v. Castle*, Case No. 2:15-cr-0190 KJM DB P, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022). There are two "firmly rooted prerequisites" for "next friend" standing:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–164 (1990)). The "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *C.E. Pope Equity Trust*, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him."). "Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, *see* 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." *United States v. Caputo*, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) (citing *Lovett v. Adams*, No. EDCV 18-00338-MWF (E), 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018)).

ORDER ON NEXT FRIEND STANDING, MOTION TO APPOINT COUNSEL, AND PROCEEDING WITH ATTORNEY - 2

Here, even assuming Gonzalez qualifies for "next friend" status, which would permit him to file a petition on Petitioner's behalf, it does not allow him to prosecute this action pro se on his family member's behalf.  Therefore, either (1) Gonzalez must secure licensed counsel to proceed, or (2) Petitioner must notify the Court that he will appear on his own behalf to prosecute this habeas action.  Otherwise, the petition will be dismissed without prejudice.

The Court hereby ORDERS:

1. Within **FORTY-FIVE (45) days** from the date of service of this order, ***EITHER***

   a. Petitioner Doniet Molina Arzola must notify the court in writing that (1) Gonzalez filed the petition for writ of habeas corpus (Dkt. No. 1) with Petitioner's knowledge and permission; (2) Petitioner must declare under penalty of perjury that the contents of the petition are true and correct; and (3) going forward, Petitioner will appear on their own behalf to prosecute this habeas action; ***OR***

   b. Gonzalez must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

2. Because Gonzalez is not an attorney, he may not file motions on behalf of Petitioner.  *See Caputo*, 2023 WL 5207318, at *5.  The motion to appoint counsel (Dkt. No. 2) is therefore DENIED.

3. The scheduling order (Dkt. No. 4) is STRICKEN to allow Petitioner and/or Gonzalez to take the steps identified above.  A new scheduling order will be issued once compliance with this order is accomplished.

ORDER ON NEXT FRIEND STANDING, MOTION TO APPOINT COUNSEL, AND PROCEEDING WITH ATTORNEY - 3

4. The Clerk is directed to (1) send Petitioner a copy of the petition (Dkt. No. 1) along with this order and (2) send Gonzalez a copy of this order at the address listed in Dkt. No. 1-2 at 1.

5. Failure to comply with this Order will result in dismissal without prejudice.

The Clerk is directed to calendar this event.

Dated this 4th day of March 2026.

David G. Estudillo
United States District Judge

ORDER ON NEXT FRIEND STANDING, MOTION TO APPOINT COUNSEL, AND PROCEEDING WITH ATTORNEY - 4