UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONIET MOLINA ARZOLA,

               Petitioner,

    v.

FACILITY ADMINISTRATOR et al.,

               Respondents.

CASE NO. 2:26-cv-00717-DGE

ORDER RE PETITIONER'S
DECLARATION CONFIRMING
PRO SE STATUS (DKT. NO. 6)

On March 3, 2026, Fidel Molina Gonzalez, a "close family member of Petitioner," filed this petition for writ of habeas corpus on Petitioner's behalf pursuant to 28 U.S.C. § 2241. (Dkt. No. 1 at 15.) Gonzalez explained that because Petitioner is detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC"), he was unable to file the habeas action on his own, so Gonzalez filed as a next friend to "secure prompt judicial review of the legality of Petitioner's detention." (*Id.*)

The Court issued an order to show cause on March 4, 2026, explaining that even if Gonzalez qualified for "next friend" status, he was not permitted to litigate the habeas petition

ORDER RE PETITIONER'S DECLARATION CONFIRMING PRO SE STATUS (DKT. NO. 6) - 1

pro se on Petitioner's behalf.  (Dkt. No. 5 at 3.)  The Court ordered Petitioner to "notify the court in writing that (1) Gonzalez filed the petition for writ of habeas corpus . . . with Petitioner's knowledge and permission; (2) Petitioner must declare under penalty of perjury that the contents of the petition are true and correct; and (3) going forward, Petitioner will appear on their own behalf to prosecute this habeas action" *or* Gonzalez needed to secure licensed counsel and counsel had to file a notice of appearance.  (*Id.*)

On March 20, 2026, the Court received Petitioner's declaration in response to the Court's order.  (Dkt. No. 6.)  Petitioner confirmed that Gonzalez filed the petition on his behalf and with his permission, that the contents of the petition were correct, and that Petitioner would proceed pro se in this matter unless and until he obtained licensed counsel.  (*Id.* at 1.)  The Court is therefore satisfied that this matter will proceed with Petitioner representing himself.[1]

The Clerk is directed to issue the standard scheduling order pursuant to General Order 10-25, found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf.  The Clerk is also directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

---

[1] The Court notes that Petitioner names the "Facility Administrator, Northwest ICE Processing Center (NWIPC)" and the "Seattle Field Office Director, U.S. Immigration and Customs Enforcement (ERO)" as Respondents.  (Dkt. No. 1 at 4.)  The Court liberally construes this to include Petitioner's custodian.  *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition.").  The Court therefore concludes it has jurisdiction to review the petition in this matter.  *Id.* at 1195–1197.

ORDER RE PETITIONER'S DECLARATION CONFIRMING PRO SE STATUS (DKT. NO. 6) - 2

Dated this 24th day of March 2026.

David G. Estudillo
United States District Judge

ORDER RE PETITIONER'S DECLARATION CONFIRMING PRO SE STATUS (DKT. NO. 6) - 3